UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10078-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MORGAN LYNCH,                  **REPORT AND RECOMMENDATION**

    Defendant.
_____/

    On or about April 29, 2010, court-appointed defense counsel Paul D. Petruzzi ("Counsel") submitted two voucher applications numbered FLS 09 1660 and FLS 10 2714 with appended time sheets requesting final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA").

    After initially reviewing the two voucher applications, I requested a more detailed explanation regarding some of the entries listed in the time sheets which accompanied his vouchers.  To that end, I met with Counsel on July 13, 2010 to discuss the vouchers.  Following that meeting, Counsel submitted a letter of explanation dated July 15, 2010 ("Letter of Explanation") providing additional information concerning the nature of Counsel's representation of Defendant Morgan Lynch ("Defendant") in this case.  Counsel also submitted revised time sheets following our July 13, 2010 meeting.  Counsel represented Defendant for ten (10) months from his appointment on March 16, 2009 until January 15, 2010.

    In his first voucher, voucher numbered FLS 09 1660, Counsel seeks $32,719.23. In his second voucher, voucher numbered FLS 10 2714, Counsel seeks $22,822.70.  Each voucher request exceeds the $9,700.00 statutory maximum allowed for representation in

non-capital felony cases under the CJA. As a result, Court approval is required. Consequently, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 347]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court

must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. Id.

## DISCUSSION

### This Case Was Extended

Under the Guidelines, in order for Counsel to be compensated in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was extended for several reasons.

Although Counsel was not Defendant's original lawyer in this matter, this matter still required extended representation by Counsel. The original Indictment in this matter was issued on November 21, 2008. **[See DE # 1]**. Another lawyer represented Defendant until Counsel was appointed CJA counsel on March 16, 2009. **[See DE # 23]**.

A Superseding Indictment was later issued on May 22, 2009 **[See DE # 91]**. The Superseding Indictment contained four counts. The government alleged that Defendant and three codefendants were involved in a conspiracy to import, and possess with intent to distribute, controlled substances from January 1995 until February 2005. Defendant faced a maximum sentence of life imprisonment.

The first trial in this matter took place from September 14, 2009 through September 29, 2009, lasting fifteen (15) days. That trial ended in a mistrial. **[See DE # 235]**. The

second trial began on January 4, 2010 and concluded on January 13, 2010, lasting nine (9) days. At the conclusion of the second trial, the jury found Defendant not guilty. **[See DE # 305]**.

During the trial, Counsel filed a Motion to Exceed Statutory CJA Fee and Authorize Interim Billing **[DE # 272]** (the "Motion"). Judge Martinez granted the request, instructing Counsel to seek approval for all fees in excess of the statutory maximum at the conclusion of the case. In the Motion, Counsel provides additional information concerning the complex nature of this case. Counsel explained that a large amount of discoverable material containing "over 5000 pages of documents, reports, grand jury transcripts, audio recordings, photographs and other materials" concerning the alleged conspiracy was provided to Counsel by the government. **[DE # 272 at 2]**. Further, in addition to the four indicted defendants in the case, there were "scores of unindicted co-conspirators set forth in the Government's discovery responses." **[DE # 272 at 2]**.

In his Letter of Explanation, Counsel further explained that during both the first and second trials, he "called several witnesses to testify in [his] client's defense. Securing these witnesses required not only detailed analysis of the facts and circumstances giving rise to charges but an inordinate amount of legwork in the local community." (Letter of Explanation at 1). Counsel also explained that the government was particularly motivated in the prosecution of this case and, as a result, Counsel engaged in "frequent, and sometimes daily, communications with Assistant United States Attorney" assigned to this case. (Letter of Explanation at 2). At the end of the second trial, Defendant was acquitted by the jury. **[See DE # 305]**.

This case required more time for processing than the average case as it involved two trials and lasted nearly one year. As a result, the representation of Defendant in this case is properly considered extended. I must now review the two vouchers to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed both vouchers for compliance with the Guidelines and mathematical accuracy prior to my review. I will address each voucher in turn.

### Voucher # 1 - FLS 09 1660

The CJA administrator reviewed the first voucher, voucher number FLS 09 1660, and determined that Counsel documented a total of 60.1 in-court hours using the hourly rate of $110.00/hour for a total of $6,611.00.[1] The CJA administrator also determined that Counsel billed $23,144.00 for out-of-court hours in this voucher.

The CJA administrator allocated the out-of-court hours documented in the voucher as follows: 71.9 hours for "Interviews and conferences" and 65.1 hours for "Obtaining and reviewing records". Counsel also sought compensation for 10.6 hours for "Legal research and brief writing", 31.7 hours of "Travel time" and 31.1 hours for "Investigative and Other work." Counsel further sought $2,720.75 in "Travel Expenses" and $243.48 in "Other

---

[1] Counsel combined the time incurred during both the first and second trials on a single CJA 20 form. I explained to Counsel during our meeting to discuss the vouchers that, in the future, he can assist the Court in its review of the vouchers if he separates the time spent for each trial on individual CJA 20 forms.

Expenses." The CJA administrator concluded that the total amount sought by Counsel in this voucher was $32,719.23.

### In-Court Hours[2]

Counsel seeks a total of $6,611.00 for 60.1 in-court hours at a rate of $110.00 per hour. I approve this amount as reasonable.

### Out-of-Court Hours

The CJA administrator determined that Counsel sought $23,144.00 for 210.4 out-of-court hours at $110.00 per hour. During my July 13, 2010 meeting with Counsel, I questioned some of the entries Counsel listed in the voucher. Following the meeting, Counsel submitted revised time sheets clarifying the questionable entries.

In the revised time sheets, Counsel reduced many of the questionable entries and further explained other entries. Counsel also voluntarily eliminated some entries. The undersigned commends Counsel for his willingness to police his own fees to ensure compliance with the Guidelines and the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions"). Only one of the troublesome entry remains, and I recommend that the entry be eliminated:

        8/13/09        Contact Westin Hotel for arrangements        0.10 hour

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

I recommend that this entry be eliminated because it is a clerical matter which is not an appropriate use of billable time. The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The Supplemental Instructions provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for this entry (totaling 0.10 hour) which amounts to a reduction of $11.00.

All of the other remaining time entries in the first voucher, as revised by Counsel, are appropriate.

## Voucher # 2 - FL 10 2714

In the second voucher, voucher numbered FL 10 2714, Counsel documented a total of 0.5 in-court hours using the hourly rate of $110.00 per hour and 63.1 in-court hours at the rate of $125.00 per hour for a combined total of $7,942.50.

The CJA administrator determined that Counsel sought $12,183.00 for out-of-court hours (52.8 out-of-court hours at the rate of $110.00 per hour and 51.0 out-of-court hours at the rate of $125.00 per hour). The CJA administrator allocated the out-of-court hours documented in the voucher as follows: 27.0 hours for "Interviews and conferences" and 15.2 hours for "Obtaining and reviewing records". Counsel also sought compensation for 14.3 hours for "Legal research and brief writing", 16.0 hours of "Travel time" and 31.3 hours for "Investigative and Other work." Counsel further sought $2,637.20 in "Travel Expenses" and $60.00 in "Other Expenses."

### In-Court Hours

Counsel seeks a total of $7,942.50 for 63.6 in-court hours (0.5 hours at a rate of $110.00 per hour and 63.1 hours at a rate of $125.00 per hour). The CJA Administrator made no correction to this calculation. I approve this amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel seeks $12,183.00 for 103.8 out-of-court hours. The CJA administrator reviewed the voucher and determined that Counsel documented 52.8 hours at $110.00 per hour and 51.0 hours at $125.00 per hour. Again, although the great majority of Counsel's time entries in the second voucher were appropriate, Counsel included some entries that were not appropriate. Following our meeting to discuss my concerns about these troubling entries, Counsel submitted revised time sheets. In the revised time sheets, Counsel voluntarily eliminated all but one of the troubling entries. The only remaining entry that I recommend be eliminated is:

    10/15/09  E-mail             0.10 hour

I recommend that this entry be eliminated because it is impossible for the undersigned to determine the purpose and nature of this email. Counsel fails to identify the recipient of the email or the subject of the email. As a result, I cannot determine if the email was related to the defense of the case and whether it was a reasonable use of billable time. Accordingly, Counsel should not be compensated for this 0.1 hour entry which amounts to a reduction of $11.00 (based on 0.1 hour at the rate of $110.00 per hour). I find, however,

that the remaining out-of-court hours listed in the revised voucher application are appropriate. Factoring in my two deductions and the reductions that Counsel himself made to his two vouchers, I recommend that Counsel should be paid a total of $34,248.00 for his out-of-court time.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).  As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)).

Again, I commend Counsel for his willingness to voluntarily reduce his fee requests once I alerted him to the inappropriate entries. In considering the principles outlined in the case law discussed above, however, I conclude that an award of $34,248.00 total for out-of-court hours (based on $23,144.00 for voucher number FLS 09 1660 and $12,183.00 for voucher number 10 2714 less deductions of $1,079.00) is fair, although admittedly not full

compensation for Counsel's services.

## Expenses

Counsel sought "Travel Expenses" totaling $5,357.95 (based on expenses of $2,720.75 in voucher number FLS 09 1660 and $2,637.20 in voucher number FLS 10 2714). Counsel also sought "Other Expenses" totaling $303.48 (based on expenses of $243.48 in voucher number FLS 09 1660 and $60.00 in voucher number FLS 10 2714). The CJA administrator made no changes to these amounts. I approve the "Travel Expenses" and "Other Expenses" sought by Counsel as reasonable.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was extended, I find that it is appropriate that reimbursement be allowed in excess of the

statutory maximum of $9,700.00 in this case. Based upon my review of the original time sheets, the Letter of Explanation submitted by Counsel, the revised time sheets, the docket and the filings in this case, I RECOMMEND that Counsel be paid $54,472.93 as fair and final compensation for his work in this case as reflected in voucher numbers FLS 09 1660 and FLS 10 2714.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this __12__ day of July, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Paul D. Petruzzi, Esq.
Lucy Lara, CJA administrator